

*Filed in open court*
*6-20-2023*

**U.S. Department of Justice**

*Joshua S. Levy*
*Acting United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

June 12, 2023

James E. McCall, Esq.
Law Office of James E. McCall
107 Union Wharf
Boston, Massachusetts 02109

    Re:    UNITED STATES V. AUGUSTUS "BOBO" KORMAH
            Criminal Case Nos.  21-CR-40012-TSH
                                 23-CR-40007-TSH

Dear Mr. McCall:

        The Acting United States Attorney for the District of Massachusetts (the "U.S. Attorney") and your client, Augustus "Bobo" Kormah ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure ("Rule") 11(c)(1)(C):

    1.    <u>Change of Plea</u>

        As soon as practicable, in Criminal Case No. 21-CR-40012-TSH, Defendant will plead guilty to Count Two of the Indictment, charging him with Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(a)(1). The U.S. Attorney agrees that the U.S. Attorney will not file an Information regarding prior conviction pursuant to 21 U.S.C. § 851.

        In addition, in Criminal Case No. 23-CR-40007-TSH, Defendant will waive Indictment and plead guilty to an Information charging him with two counts of Wire Fraud, in violation of 18 U.S.C. § 1343.

        Defendant admits that he committed the crimes specified in each of these counts and is in fact guilty of each one.

        Upon the Court's acceptance of both Defendant's guilty pleas and the terms of this Plea Agreement, the U.S. Attorney will dismiss Count One of the Indictment issued in 21-CR-40012-

TSH, charging Felon in Possession of Ammunition, in violation of 18 U.S.C. §§ 922(g) and 924(e).

2. <u>Penalties</u>

Defendant faces the following maximum penalties for Count Two in Criminal Case No. 21-CR-40012-TSH: incarceration for 20 years; supervised release for at least 3 years; a fine of $1,000,000; a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Indictment.

Defendant faces the following maximum penalties in Criminal Case No. 23-CR-40007-TSH: incarceration for 20 years; supervised release for 3 years; a fine of $250,000; a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Information.

Defendant understands that, if Defendant is not a United States citizen by birth, pleading guilty may affect Defendant's immigration status. Defendant agrees to plead guilty regardless of any potential immigration consequences, even if Defendant's plea results in being automatically removed from the United States.

3. <u>Rule 11(c)(1)(C) Plea</u>

In accordance with Rule 11(c)(1)(C), if the Court accepts this Plea Agreement, the Court must include the agreed disposition in the judgments. If the Court rejects any part of this Plea Agreement, the U.S. Attorney may void the agreement and/or Defendant may withdraw from it. Defendant may not withdraw Defendant's pleas for any other reason.

Should the U.S. Attorney void the agreement and/or Defendant moves to withdraw Defendant's guilty pleas, Defendant agrees to waive any defenses based upon statute of limitations, the constitutional protection against pre-indictment delay, and the Speedy Trial Act for all charges that could have been brought as of the date of this Plea Agreement.

4. <u>Sentencing Guidelines</u>

In Criminal Case No. 4:21-CR-40012-TSH, the parties agree that, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 29:

> a) Defendant's base offense level is 32, because the Defendants was over the age of 18 when he committed the instant offense, the instant offense is a felony that is a controlled substance offense, and the defendant had at least two prior qualifying felony convictions (USSG §4B1.1(A)); and
>
> b) Defendant's offense level is decreased by 3 levels, because Defendant has accepted responsibility for Defendant's crime (USSG § 3E1.1).

In Criminal Case No. 23-CR-40007-TSH, the parties agree, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 16:

a) Defendant's base offense level is 7, because the offense of conviction, Wire Fraud, carry a maximum term of imprisonment of 20 years (USSG § 2B1.1(a)(2));

b) Defendant's offense level is increased by 12 levels, because the relevant loss is greater than $250,000, but less than $550,000 (USSG § 2B1.1(b)(1)(G); and

c) Defendant's offense level is decreased by 3 levels because Defendant has accepted responsibility for Defendant's crime (USSG § 3E1.1).

Defendant understands that the Court is not required to follow these calculations. Defendant also understands that the government will object to any reduction in Defendant's sentence based on acceptance of responsibility, and may be released from the parties' agreed-upon disposition in Paragraph 5 if: (a) at sentencing, Defendant (directly or through counsel) indicates that Defendant does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crimes to which Defendant is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

5.  Agreed Disposition

The parties agree on the following sentence:

a) incarceration for between 96 and 120 months in Criminal Case No. 4:21-CR-40012-TSH;

b) incarceration for 24 months in Criminal Case No. 23-CR-40007-TSH, to be served consecutively to the term of incarceration imposed in Criminal Case No. 4:21-CR-40012-TSH;

c) a fine to be determined by the Court;

d) 36 months of supervised release;

e) a mandatory special assessment of $300, which Defendant must pay to the Clerk of the Court by the date of sentencing;

f) restitution to be determined by the Court; and

g) forfeiture as set forth in Paragraph 8.

Defendant agrees that all criminal monetary penalties, including special assessment, restitution, forfeiture, and/or fine imposed shall be due and payable immediately, and further agrees that any Court-ordered repayment schedule does not preclude further enforcement or collection by the United States.

6. <u>Waiver of Appellate Rights and Challenges to Conviction or Sentence</u>

Defendant has the right to challenge Defendant's conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that Defendant's conviction or sentence should be overturned.

Defendant understands that Defendant has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

a) Defendant will not challenge Defendant's <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

b) Defendant will not challenge Defendant's <u>sentence,</u> including any court orders related to forfeiture, restitution, fines or supervised release, on direct appeal or in any other proceeding, including in a separate civil lawsuit.

The U.S. Attorney agrees not to appeal the imposition of the sentence agreed to by the parties in paragraph 5.

Defendant understands that, by agreeing to the above, Defendant is agreeing that Defendant's conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge Defendant's conviction and sentence regardless of whether Defendant later changes Defendant's mind or finds new information that would have led Defendant not to agree to give up these rights in the first place.</u>

Defendant is agreeing to give up these rights in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that Defendant's lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in misconduct serious enough to entitle Defendant to have Defendant's conviction or sentence overturned.

7.     Waiver of Hyde Amendment Claim

Defendant is aware that the Court can award attorneys' fees and other litigation expenses to defendants in certain criminal cases. In exchange for the concessions the U.S. Attorney is making in this Agreement, Defendant waives any claim under the so-called "Hyde Amendment," 18 U.S.C. §3006A, that is based in whole or in part on the U.S. Attorney's agreement in Paragraph 1 to dismiss Count One of the Indictment in Criminal Case No. 21-CR-40012-TSH.

8.     Forfeiture

Defendant understands that the Court will, upon acceptance of Defendant's guilty plea, enter an order of forfeiture as part of Defendant's sentence, and that the order of forfeiture may include assets directly traceable to Defendant's offense, assets used to facilitate Defendant's offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.

Defendant also agrees to waive all constitutional, legal, and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement.

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

9.     Civil Liability

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to Defendant's criminal conduct and guilty pleas to the charges specified in Paragraph 1 of this Agreement.

10.    Breach of Plea Agreement

Defendant understands that if Defendant breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw Defendant's guilty pleas. Defendant's conduct, however, would give the U.S. Attorney the right to be released from the U.S. Attorney's commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials Defendant provided to the government during investigation or prosecution of Defendant's case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if Defendant breaches any provision of this Agreement or engages in any of the aforementioned conduct, Defendant thereby waives any defenses based on

the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

11. <u>Who is Bound by Plea Agreement</u>

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

12. <u>Modifications to Plea Agreement</u>

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

\*   \*   \*

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Danial E. Bennett

Sincerely,

JOSHUA S. LEVY,
Acting United States Attorney

By:   */s/ Greg A. Friedholm*
Greg A. Friedholm
Chief, Worcester Branch Office


*/s/ Danial E. Bennett*
Danial E. Bennett
Assistant U.S. Attorney

ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty pleas. I have received no prior offers to resolve this case.

I understand the crimes I am pleading guilty to, and the maximum penalties for those crimes. I have discussed the Sentencing Guidelines with my lawyer, and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me, and we have had enough time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offenses. I believe this Agreement is in my best interest.

_____
Augustus "Bobo" Kormah
Defendant

Date: _____6/20/23_____

I certify that Augustus "Bobo" Kormah has read this Agreement and that we have discussed what it means. I believe Augustus "Bobo" Kormah understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding the change of pleas in this case.

_____
James L. McCall, Esq.
Attorney for Defendant

Date: _____6/20/23_____